UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SALINAS,<br><br>          Plaintiff,<br><br>     v.<br><br>FRESNO COUNTY JAILHOUSE FACILITY, et al.,<br><br>          Defendants. | Case No.: 1:15-cv-01593-BAM (PC)<br><br>ORDER DISMISSING ACTION FOR FAILURE TO PAY FILING FEE OR FILE APPLICATION TO PROCEED IN FORMA PAUPERIS, FAILURE TO OBEY COURT ORDERS, AND FAILURE TO PROSECUTE<br><br>(ECF Nos. 4, 7) |

   Plaintiff Michael Salinas ("Plaintiff") is a Fresno County Jail inmate, proceeding *pro se* in this civil rights action under 42 U.S.C. § 1983. Plaintiff initiated this action on October 19, 2015.

   On October 19, 2015, Plaintiff filed a motion to proceed *in forma pauperis*. (ECF No. 2.) On October 21, 2015, the Court issued an order denying Plaintiff's request to proceed *in forma pauperis* without prejudice on the grounds that he submitted an incomplete application, and ordered Plaintiff to submit a completed application to proceed *in forma pauperis* or pay the filing fee within forty-five (45) days. (ECF No. 4.) Plaintiff failed to submit a completed application or pay the filing fee in response to the Court's order. On January 6, 2016, Plaintiff filed a consent to magistrate judge jurisdiction. (EDF NO. 6.)

   Based on Plaintiff's failure to respond, on October 24, 2016, the Court issued an order directing Plaintiff to file an application to proceed *in forma pauperis*, pay the filing fee in full, file a

1

1  notice of voluntary dismissal or show cause why this action should not be dismissed without prejudice
2  within fourteen (14) days. (ECF No. 7.) The relevant time period for Plaintiff to respond to the Court's
3  order has expired, and Plaintiff has not filed a completed application to proceed *in forma pauperis*,
4  paid the filing fee, or filed a response to the Court's order to show cause.

5       District courts have the inherent power to control their dockets and "[i]n the exercise of that
6  power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Housing*
7  *Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a
8  party's failure to prosecute an action, failure to obey a court order, or failure to comply with local
9  rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance
10 with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to
11 comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d
12 128, 130-33 (9th Cir. 1987) (dismissal for failure to comply with court order).

13      In determining whether to dismiss an action, the Court must consider several factors: (1) the
14 public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3)
15 the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their
16 merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423
17 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988); *see also In re*
18 *Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006)
19 (standards governing dismissal for failure to comply with court orders). These factors guide a court in
20 deciding what to do and are not conditions that must be met in order for a court to take action. *In re*
21 *PPA*, 460 F.3d at 1226 (citation omitted).

22      The Court finds that the public's interest in expeditious resolution of litigation and the Court's
23 need to manage its docket weigh in favor of dismissal. This action has been pending since October
24 2015 and can proceed no further without Plaintiff's cooperation and compliance with the Court's
25 orders. Moreover, the matter cannot simply remain idle on the Court's docket, unprosecuted, awaiting
26 Plaintiff's compliance. Indeed, a civil action may not proceed absent the submission of either the filing
27 fee or an application to proceed *in forma pauperis*. 28 U.S.C. §§ 1914, 1915. As for the risk of
28 prejudice, the law presumes prejudice from unreasonable delay. *In re PPA*, 460 F.3d at 1227-28.

Regarding the fourth factor, while public policy favors disposition on the merits and therefore weighs against dismissal, it is Plaintiff's own conduct which is at issue here and which has stalled the case. *Id.* at 1228.

Finally, there are no alternative sanctions which are satisfactory. A monetary sanction has little to no benefit in a case in which Plaintiff has ceased responding to the Court's orders. Further, Plaintiff was warned that his failure to submit an application to proceed *in forma pauperis* or pay the filing fee would result in dismissal of this action. (ECF No. 4.) Plaintiff was also warned that his failure to respond to the order to show cause would result in dismissal of this action without prejudice for failure to pay the filing fee or file a completed application to proceed *in forma pauperis*, failure to obey a court order and failure to prosecute. (ECF No. 7.) A warning that the failure to obey a court order will result in dismissal can meet the consideration of alternatives requirement. *In re PPA*, at 1229.

Accordingly, this action is HEREBY DISMISSED, without prejudice, for Plaintiff's failure to obey the Court's order, failure to prosecute, and failure to submit an application to proceed *in forma pauperis* or pay the filing fee.

IT IS SO ORDERED.

Dated: **November 21, 2016**        /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE